IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| ZHANGLIANG XU, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:19-cv-279 (LMB/TCB) |
| | ) | |
| JOHN DOE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On May 29, 2019, the assigned magistrate judge issued a Report and Recommendation [Dkt. No. 14] (the "Report") recommending that the Court grant Zhangliang Xu, Xiansheng He, and Lijun Sun's (collectively, "plaintiffs") motion for the entry of a default judgment against John Doe ("Doe") as well as 864.com, 00998.com, 00488.com, 0103.com, and 1148.com (the "Domain Names") (together with Doe, "defendants"). The magistrate judge advised the parties that any objections to the findings of fact or conclusions of law set out in the Report must be filed within 14 days of service. The magistrate judge further advised that failure to file a timely objection waives appellate review of any judgment based on the Report's recommended findings or conclusions. As of June 16, 2019, no party has filed an objection. For the reasons stated below, the Court adopts the findings and conclusions of the Report in full, and a default judgment against defendants will be entered.

The magistrate judge correctly found that the Court has subject-matter jurisdiction over this Anticybersquatting Consumer Protection Act ("ACPA" or the "Act") action under 28 U.S.C. § 1331 and in rem jurisdiction over the Domain Names pursuant to 15 U.S.C. § 1125(d)(2)(A). Venue is likewise proper under 15 U.S.C. § 1125(d)(2)(C) because the Domain Names' registry, Verisign Inc., is located within this judicial district. The magistrate judge correctly found that service of

process was appropriately effected under Rule 4(n)(1) of the Federal Rules of Civil Procedure and 15 U.S.C. § 1125(d)(2)(A)-(B). Despite plaintiffs' compliance with the relevant service-of-process rules, no representative has appeared, filed an answer or responsive pleading, or otherwise participated in these proceedings on defendants' behalf. Finally, the magistrate judge correctly found that plaintiffs' complaint—the well-pleaded factual allegations of which must be deemed admitted in light of defendants' default—states a viable claim under the ACPA.

Having fully reviewed the Report, case file, and plaintiffs' motion for default judgment, along with the supporting memorandum and attachments thereto, the Court adopts the findings of fact and conclusions of law contained in the Report as its own. Accordingly, plaintiffs' Motion for Entry of Default Judgment [Dkt. No. 10] is GRANTED, and it is hereby

ORDERED that judgment be and is entered in plaintiffs' favor; and it is further

ORDERED that in accordance with 15 U.S.C. § 1125(d)(1)(C), the domain name 864.com be transferred to plaintiff Zhangliang Xu's Enom.com account, which bears the name de2018864 and which is associated with the email address de2018864@163.com; and it is further

ORDERED that in accordance with 15 U.S.C. § 1125(d)(1)(C), the domain names 00998.com, 00488.com, 0103.com, and 1148.com be transferred to plaintiffs Xiansheng He and Lijun Sun's GoDaddy.com account, which bears the customer number 218391935 and which is associated with the email address sljyuming@163.com; and it is further

ORDERED that the remaining claims asserted in the complaint be and are DISMISSED WITHOUT PREJUDICE.

The Clerk is directed to enter judgment in favor of plaintiffs under Fed. R. Civ. P. 55, to forward copies of this Order to counsel of record, and to close this civil action.

Entered this 20 day of June, 2019.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge